**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

Jennifer Woodjinski, Cynthia Hicks,
Lynn McKenzie, Sadiqah Williamson,
Atina Stevenson, Sherry Williams,
Shirley Brooks, Diane Ransom,          Case No._____
Delaithia Ambush, Gregory Anderson,
Mary Dearmon, Devin Greene, Dan Rakela,
Greg Lismon, Veronica Calhoun,
Latisha Gregory, David Stackpole, and
Anthony Hernandez,                     **COMPLAINT**

          Plaintiffs,                  **JURY TRIAL DEMANDED**

v.

Stellar Recovery, Inc.,

          Defendant.
_____/

**PRELIMINARY STATEMENT**

1.      This is an action for damages brought by individual consumers based on Defendant's

        alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §

        1692, *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA"), Chapter

        559, Florida Statutes, and the Telephone Consumer Protection Act ("TCPA"), 47

        U.S.C. § 227.

**PARTIES**

2.      Plaintiff, Jennifer Woodjinski ("Ms. Woodjinski"), is a natural person who resided in

        Jacksonville, Florida at all times relevant to this action.

3.      Plaintiff, Cynthia Hicks ("Ms. Hicks"), is a natural person who resided in Ft Myers,

        Florida, at all times relevant to this action.

4.      Plaintiff, Lynn McKenzie ("Ms. McKenzie"), is a natural person who resided in Van Lear, Kentucky, at all times relevant to this action.

5.      Plaintiff Sadiqah Williamson, ("Ms. Williamson"), is a natural person who resided in Acton, Massachusetts, at all times relevant to this action.

6.      Plaintiff, Atina Stevenson ("Ms. Stevenson"), is a natural person who resided in Decatur, Georgia, at all times relevant to this action.

7.      Plaintiff, Sherry Williams ("Ms. Williams"), is a natural person who resided in Orlando, Florida, at all times relevant to this action.

8.      Plaintiff, Shirley Brooks ("Ms. Brooks"), is a natural person who resided in Las Vegas, Nevada at all times relevant to this action.

9.      Plaintiff, Diane Ransome ("Ms. Ransome"), is a natural person who resided in Las Vegas, Nevada at all times relevant to this action.

10.     Plaintiff, Delaithia Ambush ("Ms. Ambush"), is a natural person who resided in Miami, Florida at all times relevant to this action.

11.     Plaintiff, Gregory Anderson ("Mr. Anderson"), is a natural person who resided in West Palm Beach, Florida at all times relevant to this action.

12.     Plaintiff, Mary Dearmon ("Ms. Dearmon"), is a natural person who resided in Jacksonville, Florida at all times relevant to this action.

13.     Plaintiff, Devin Greene ("Mr. Greene"), is a natural person who resided in Lawrenceville, Georgia at all times relevant to this action.

14.     Plaintiff, Dan Rakela ("Mr. Rakela"), is a natural person who resided in Knoxville, Tennessee at all times relevant to this action.

15.     Plaintiff, Greg Lismon ("Mr. Lismon"), is a natural person who resided in Speedway, Indiana at all times relevant to this action.

16.     Plaintiff, Veronica Calhoun ("Ms. Calhoun"), is a natural person who resided in Jacksonville, Florida at all times relevant to this action.

17.     Plaintiff, Latisha Gregory ("Ms. Gregory"), is a natural person who resided in Norfolk, Virginia at all times relevant to this action.

18.     Plaintiff, David Stackpole ("Mr. Stackpole"), is a natural person who resided in Leominster, Massachusetts at all times relevant to this action.

19.     Plaintiff, Anthony Hernandez ("Mr. Hernandez"), is a natural person who resided in Mableton, Georgia at all times relevant to this action.

20.     Defendant, Stellar Recovery, Inc. ("Stellar" or "Defendant"), is a Florida corporation whose principal place of business is 4500 Salisbury Road, Suite 105, Jacksonville, Florida.

## JURISDICTION AND VENUE

21.     Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this matter as it arises under the FDCPA and the TCPA.

22.     Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over each Plaintiff's claims under the FCCPA because each such claim shares a common nucleus of operative facts with each Plaintiff's claims under the FDCPA and/or the TCPA.  S*ee LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010) ("[FCCPA's] remedies are 'cumulative to other sanctions and enforcement provisions' for any violation by an out-of-state consumer debt collector.").

23.     Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to multiple Plaintiffs' claims occurred in this judicial district.

24.     Pursuant to 28 U.S.C. § 1391(b), venue is also proper because Stellar resides and is subject to personal jurisdiction in this judicial district on the basis of its continuous activities in this district, including but not limited to: (a) Stellar conducts business in this district by seeking to collect debt from consumers who reside in this district; (b) Stellar receives compensation from creditors that reside and/or conduct business in this district; (c) Stellar is registered to do business with the Florida Secretary of State; (d) Stellar holds a Consumer Collection Agency license with the Florida Office of Financial Regulation, permitting Stellar to collect debt in this district; and (e) Stellar's business practices, which are at issue in this lawsuit, are the same practices in which Stellar regularly engages with respect to consumers that reside in this district, as well as throughout the entire State of Florida.

## JOINDER

25.     Rule 20 of the Federal Rules of Civil Procedure provides, in part:

(a) PERSONS WHO MAY JOIN OR BE JOINED.

   (1) Plaintiffs. Persons may join in one action as plaintiffs if:

   (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

   (B) any question of law or fact common to all plaintiffs will arise in the action.

*See* Fed. R. Civ. P. 20(a).

26. "Under the [Federal] Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mineworkers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

27. "Plainly, the central purpose of Rule 20 is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits." *Alexander v. Fulton Cnty.*, 207 F.3d 1303, 1323 (11th Cir. 2000) (reversed on other grounds).

28. "A party seeking joinder of claimants under Rule 20 must establish two prerequisites: 1) a right to relief arising out of the same transaction or occurrence, or series of transactions or occurrences, and 2) some question of law or fact common to all persons seeking to be joined." *Id.*

29. The rule "does not require that **all** questions of law and fact raised by the dispute be common, but only that **some** question of law or fact be common to all parties." *Id.* at 1324 (emphases included) (citing *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir.1974)).

30. "[A]ll 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." *Alexander,* 207 F.3d at 1323 (quoting *Mosley,* 497 F.2d at 1333).

31. The analogous interpretation of the terms as used in Rule 20 would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary. *See Mosley*, 497 F.2d at 1332.

32.    Allegations of a company-wide policy that violates federal law have been held sufficient to establish that multiple plaintiffs' claims "arose out of the same series of transactions or occurrences."  *See Alexander*, 207 F.3d at 1323 (citing Mosley, 497 F.2d at 1334).

33.     In the FDCPA context, allegations by multiple plaintiffs that they were subjected to the same collection practices by a single debt collector support joinder under Rule 20. *See, e.g., Scott v. Fairbanks Capital Corp.*, 284 F. Supp. 2d 880, 888-89 (S.D. Ohio 2003).

34.    Joinder is particularly appropriate at the pre-trial stage of litigation where "the alleged acts occurred are quite similar for each [p]laintiff with the majority of each [p]laintiff's allegations occurring [during a limited time period]." *See Nelson v. Chertoff*, 2008 U.S. Dist. LEXIS 82981, *16 (N.D. Ill. Sep. 10, 2008).

35.    In the TCPA context, calls received by multiple plaintiffs from the same debt collector using an autodialer support joinder under Rule 20.  *See, e.g., Blair v. CBE Group*, *Inc.*, 2013 U.S. Dist. LEXIS 150996, *17-18 (S.D. Cal. Oct. 17, 2013); *Desai v. ADT Sec. Servs., Inc.*, 2011 U.S. Dist. LEXIS 77457, *4-8 (N.D. Ill. July 18, 2011).

**ADDITIONAL FACTORS SUPPORTING JOINDER**

36.    The witness(es) that Stellar will produce in response to a notice of deposition pursuant to Rule 30(b)(6) will likely be the same individual(s) for each Plaintiff.

37.    The information that Stellar will provide in response to interrogatories related to Stellar's policies, practices, and procedures will likely be the same, or substantially similar, for each Plaintiff.

38. The evidence that Stellar will produce in response to requests for production of documents related to Defendant's policies, practices and procedures will likely be the same, or substantially similar, for each Plaintiff.

39. Joinder will allow a single trier of fact to assess the pattern and frequency of Stellar's alleged misconduct, which is a relevant factor in the legal issues and damages in this case.

40. Joinder avoids the need to conduct multiple trials and empanel multiple juries to resolve fairly straightforward claims that Defendant violated the FDCPA, FCCPA, and TCPA.

## ALLEGATIONS OF FACT COMMON TO ALL PLAINTIFFS

41. At all times relevant to this action, Stellar collected consumer debts.

42. Stellar regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due, or asserted to be owed or due another.

43. The principal source of Stellar's revenue is debt collection.

44. Stellar is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

45. Stellar is a "debt collector" as that term is defined in the FCCPA, Fla. Stat. § 559.55(7).

46. As described, *infra*, Stellar contacted each Plaintiff to collect a debt that was incurred primarily for personal, family, or household purposes.

47. Each alleged obligation Stellar was seeking to collect is a "debt" as defined by 15 U.S.C. § 1692a(5).

48.   Each alleged obligation Stellar was seeking to collect is a "debt" within the meaning of FCCPA, Fla. Stat. § 559.55(6).

49.   Each Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

50.   Each Plaintiff is a "consumer" as defined by the FCCPA, Fla. Stat. § 559.55(8), and is a person whom the FCCPA is intended to protect.

51.   Before Stellar began contacting each Plaintiff, it and each Plaintiff had no prior business relationship and each Plaintiff never provided express consent to Stellar to be contacted on his/her cellular telephone.

52.   Within the past twelve (12) months, Stellar called each Plaintiff on multiple occasions in connection with the collection of a debt.

53.   Within the past twenty-four (24) months, Stellar called each Plaintiff on multiple occasions in connection with the collection of a debt.

54.   On several occasions, within the past forty-eight (48) months, the precise dates of which will be discovered through discovery, Stellar willingly and knowingly used an automatic telephone dialing system (ATDS) to call each of the Plaintiffs on his/her cellular phone on multiple occasions, in violation of the TCPA

55.   Stellar used a predictive dialer system to call each Plaintiff.

56.   Stellar used a LiveVox predictive dialer system to call each Plaintiff.

57.   Each Plaintiff, on at least one occasion, communicated his/her desire that Stellar cease calling him/her, thereby revoking any consent to be called on his/her cellular telephone.

58.    Notwithstanding these communications, Stellar continued to call each Plaintiff in connection with the collection of a debt.

59.    Stellar's employees and agents have the ability to immediately stop further calls to consumers, but Stellar's policy and practice is to continue calling consumers using its predictive dialer in spite of consumer requests for Stellar to stop calling, and consumer statements to Stellar that the consumer cannot and/or will not pay the debt.

60.    Stellar's policy and practice is that when a consumer communicates his/her desire that Stellar cease calling, but does not do so in writing, Stellar disregards that communication as if the consumer never made the request.

61.    Stellar's policy and practice is that when a consumer communicates his/her desire that Stellar cease calling, but does not do so in writing, Stellar does not record that request in Stellar's records related to the debt Stellar is seeking to collect from the consumer.

62.    In this case, Stellar followed the aforementioned policies and practices when each Plaintiff communicated his/her desire that Stellar stop calling him/her.

## LEGAL ARGUMENTS COMMON TO ALL PLAINTIFFS

63.    Section 1692d of the FDCPA provides, in part:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

*See* 15 U.S.C. § 1692d.

64.    Where a consumer has communicated his or her desire that a debt collector stop calling, and the debt collector nevertheless continues to call the consumer, the volume and pattern of the calls may evidence intent to harass in violation of Section 1692d.

*See Majeski v. I.C. Sys., Inc.*, 2010 U.S. Dist. LEXIS 1830, \*5-7 (N.D. Ill. Jan. 8, 2010).

65.     Section 1692f of the FDCPA provides, in part:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

*See* 15 U.S.C. § 1692f.

66.     Where a question exists as to whether a debt collector's alleged misconduct violates Section 1692f or some other section of the FDCPA, the prudent course at the pre-trial stage is to allow the consumer to pursue claims under both sections. *See Davis v. Diversified Consultants, Inc.*, 2014 U.S. Dist. LEXIS 87867, \*25 (D. Mass. June 27, 2014) (citing *Rush v. Portfolio Recovery Associates, LLC*, 977 F. Supp. 2d 414, 432 (D.N.J. 2013)).

67.     Stellar's maintenance of policies and practices, which in themselves violate the FDCPA, are further evidence of Stellar's intent to harass. *See Anchondo v. Anderson, Crenshaw & Associates, L.L.C.,* 256 F.R.D. 661, 671 (D.N.M. Mar. 16, 2009) (debt collector's intent to violate the FDCPA may be inferred by its maintenance of policies and procedures which, in themselves, violate the FDCPA); s*ee also Kromelbein v. Envision Payment Solutions, Inc.*, 2013 U.S. Dist. LEXIS 107762, \*18 (M.D. Hicks. Aug. 1, 2013) ("company policy can be just as much a violation of [FDCPA] as the rogue act of an individual employee. If anything, a company policy that violates the FDCPA is a more egregious transgression because it indicates endemic, rather than isolated, disregard for debtor rights.").

68.     Section 559.72 of the FCCPA provides, in part:

> Prohibited practices generally. – In collecting consumer debts, no person shall:
>
> * * *
>
>> (7)  Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family…

See Fla. Stat. § 559.72(7).

69.     The TCPA provides, in part:

> (b)     RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—
>
>> (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>>
>>> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>>>
>>> * * *
>>>
>>>> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call…

47 U.S.C. §§ 227(b)(1)(A)(iii).

70.     The term "called party," as used in Section 227(b)(1)(A) of the TCPA refers to the person or entity subscribing to the called number at the time the telephone call is made.  *See Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1251-52 (11th Cir. 2014); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, pp 40-41, ¶ 73.

71.     The TCPA provides, in part:

> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3).

72.     The Communications Act of 1943, of which the TCPA is a part, defines "willful" as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision[], rule or regulation...."  47 U.S.C. § 312(f).

73.     In order to establish a "willful" or "knowing" violation of the TCPA, a plaintiff need not demonstrate that the defendant intended to violate the statute, or that it knew or should have known it was violating the statute.  *See Roylance v. ALG Real Est. Servs., Inc.*, 2015 U.S. Dist. LEXIS 44930, *31 (N.D. Cal. Mar. 16, 2015); *Bridgeview Health Care Ctr. Ltd. v. Clark*, 2013 U.S. Dist. LEXIS 37310, *21-22 (N.D. Ill. Mar. 19, 2013); *Steward v. Regent Asset Mgmt. Solutions, Inc.*, 2011 U.S. Dist. LEXIS 50046, *18-20 (N.D. Ga. 2011).

74.     Instead, a plaintiff need only show that the defendant engaged in a "voluntary act" that violated the TCPA.  *See Bridgeview*, 2013 U.S. Dist. LEXIS, at *21-22; *see also Roylance*, 2015 U.S. Dist. LEXIS, at *31 (intentionally making phone calls that violated TCPA, without intent to violate the statute, was sufficient to warrant treble damages).

75.     In addition, a company that places telephone calls using an ATDS and/or an artificial or prerecorded voice bears a responsibility to place intermittent live verification calls to ensure the subscriber being called has provided his or her express consent to be called.  *See Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 1316, 1322 (S.D. Fla 2012).

## INDIVIDUAL COUNTS AS TO EACH PLAINTIFF

### COUNT ONE – JENNIFER WOODJINSKI
(Fair Debt Collection Practices Act)

76.     MS. WOODJINSKI re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 2 and 21-75.

77.     Around December 2014, STELLAR began calling MS. WOODJINSKI on her cellular phone, at phone number XXX-XXX-9593 in connection with the collection of a debt.

78.     STELLAR called MS. WOODJINSKI's cellular phone from various phone numbers, including but not limited to 877-236-5791.

79.     On more than one occasion, MS. WOODJINSKI communicated her desire that STELLAR cease calling her.

80.   Notwithstanding these communications, STELLAR continued to call MS. WOODJINSKI multiple times on her cellular phone in connection with the collection of a debt.

81.   STELLAR routinely called MS. WOODJINSKI's cell phone multiple times within the same day.

82.   STELLAR's policies and practices violated the FDCPA as to MS. WOODJINSKI.

83.   STELLAR caused MS. WOODJINSKI emotional distress.

84.   STELLAR violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse MS. WOODJINSKI in connection with the collection of the debt.

85.   STELLAR violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

### *COUNT TWO – JENNIFER WOODJINSKI*
(Violation of the Florida Consumer Collection Practices Act)

86.   MS. WOODJINSKI re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 2, 21-75, and 77-83.

87.   STELLAR willingly and knowingly violated Fla. Stat. § 559.72(7) by communicating with MS. WOODJINSKI with such frequency as can reasonably be expected to harass MS. WOODJINSKI, or engaging in other conduct which can reasonably be expected to abuse or harass MS. WOODJINSKI.

### *COUNT THREE – JENNIFER WOODJINSKI*
(Violation of the Telephone Consumer Protection Act)

88.    MS. WOODJINSKI re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 2, 21-75, and 77-83.

89.    MS. WOODJINSKI was the "called party" within the meaning of § 227(b)(1)(A) of the TCPA.

90.    STELLAR voluntarily placed telephone calls to MS. WOODJINSKI's cellular telephone using an ATDS.

91.    STELLAR violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling MS. WOODJINSKI's cellular telephone using an ATDS without MS. WOODJINSKI's prior express consent, or after MS. WOODJINSKI had revoked such consent.

92.    STELLAR's violations of 47 U.S.C. § 227(b)(1)(A) were willfully and knowingly made.

### *COUNT FOUR – CYNTHIA HICKS*
(Fair Debt Collection Practices Act)

93.    MS. HICKS re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 3 and 21-75.

94.    Around October 2013, STELLAR began calling MS. HICKS on her cellular phone, at phone number XXX-XXX-7127 in connection with the collection of a debt.

95.    STELLAR called MS. HICKS's cellular phone from various phone numbers, including but not limited to 877-236-5791.

96.     On more than one occasion, MS. HICKS communicated her desire that STELLAR cease calling her.

97.     Notwithstanding these communications, STELLAR continued to call MS. HICKS multiple times on her cellular phone in connection with the collection of a debt.

98.     STELLAR routinely called MS. HICKS's cell phone multiple times within the same day, despite being asked not to call at all.

99.     STELLAR's policies and practices violated the FDCPA as to MS. HICKS.

100.    STELLAR caused MS. HICKS emotional distress.

101.    STELLAR violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse MS. HICKS in connection with the collection of the debt.

102.    STELLAR violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

### *COUNT FIVE – CYNTHIA HICKS*
(Violation of the Florida Consumer Collection Practices Act)

103.    MS. HICKS re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 3, 21-75, and 94-100.

104.    STELLAR willingly and knowingly violated Fla. Stat. § 559.72(7) by communicating with MS. HICKS with such frequency as can reasonably be expected to harass MS. HICKS, or engaging in other conduct which can reasonably be expected to abuse or harass MS. HICKS.

### *COUNT SIX – CYNTHIA HICKS*
(Violation of the Telephone Consumer Protection Act)

105.   MS. HICKS re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 3, 21-75, and 94-100.

106.   MS. HICKS was the "called party" within the meaning of § 227(b)(1)(A) of the TCPA.

107.   STELLAR voluntarily placed telephone calls to MS. HICKS's cellular telephone using an ATDS.

108.   STELLAR violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling MS. HICKS's cellular telephone using an ATDS without MS. HICKS's prior express consent, or after MS. HICKS had revoked such consent.

109.   STELLAR's violations of 47 U.S.C. § 227(b)(1)(A) were willfully and knowingly made.

### *COUNT SEVEN – LYNN MCKENZIE*
(Fair Debt Collection Practices Act)

110.   MS. MCKENZIE re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 4 and 21-75.

111.   Around Semptember 2014, STELLAR began calling MS. MCKENZIE on her cellular phone, at phone number XXX-XXX-8794 in connection with the collection of a debt.

112.   STELLAR called MS. MCKENZIE's cellular phone from various phone numbers, including but not limited to 313-483-8518.

113.   On more than one occasion, MS. MCKENZIE communicated her desire that STELLAR cease calling her.

114.   Notwithstanding these communications, STELLAR continued to call MS. McKENZIE multiple times on her cellular phone in connection with the collection of a debt.

115.   STELLAR routinely called MS. McKENZIE's cell phone multiple times within the same day.

116.   STELLAR's policies and practices violated the FDCPA as to MS. McKENZIE.

117.   STELLAR caused MS. McKENZIE emotional distress.

118.   STELLAR violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse MS. McKENZIE in connection with the collection of the debt.

119.   STELLAR violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

### COUNT EIGHT  – LYNN McKENZIE
(Violation of the Florida Consumer Collection Practices Act)

120.   MS. McKENZIE re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 4, 21-75, and 111-117.

121.   STELLAR willingly and knowingly violated Fla. Stat. § 559.72(7) by communicating with MS. McKENZIE with such frequency as can reasonably be expected to harass MS. McKENZIE, or engaging in other conduct which can reasonably be expected to abuse or harass MS. McKENZIE.

### *COUNT NINE  – LYNN McKENZIE*
(Violation of the Telephone Consumer Protection Act)

122.   MS. MCKENZIE re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 4, 21-75, and 111-117.

123.   MS. MCKENZIE was the "called party" within the meaning of § 227(b)(1)(A) of the TCPA.

124.   STELLAR voluntarily placed telephone calls to MS. MCKENZIE's cellular telephone using an ATDS.

125.   STELLAR violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling MS. MCKENZIE's cellular telephone using an ATDS without MS. MCKENZIE's prior express consent, or after MS. MCKENZIE had revoked such consent.

126.   STELLAR's violations of 47 U.S.C. § 227(b)(1)(A) were willfully and knowingly made.

### *COUNT TEN – SADIQAH WILLIAMSON*
(Fair Debt Collection Practices Act)

127.   MS. WILLIAMSON re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 5 and 21-75.

128.   Around September 2014, STELLAR began calling MS. WILLIAMSON on her cellular phone, at phone number XXX-XXX-8656 in connection with the collection of a debt.

129.   STELLAR called MS. WILLIAMSON's cellular phone from various phone numbers, including but not limited to 877-236-5791 and 617-275-2458.

130.	On more than one occasion, MS. WILLIAMSON communicated her desire that STELLAR cease calling her.

131.	Notwithstanding these communications, STELLAR continued to call MS. WILLIAMSON multiple times on her cellular phone in connection with the collection of a debt.

132.	STELLAR routinely called MS. WILLIAMSON's cell phone multiple times within the same day.

133.	STELLAR's policies and practices violated the FDCPA as to MS. WILLIAMSON.

134.	STELLAR caused MS. WILLIAMSON emotional distress.

135.	STELLAR violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse MS. WILLIAMSON in connection with the collection of the debt.

136.	STELLAR violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

### *COUNT ELEVEN – SADIQAH WILLIAMSON*
(Violation of the Florida Consumer Collection Practices Act)

137.	MS. WILLIAMSON re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 5, 21-75, and 128-134.

138.	STELLAR willingly and knowingly violated Fla. Stat. § 559.72(7) by communicating with MS. WILLIAMSON with such frequency as can reasonably be expected to harass MS. WILLIAMSON, or engaging in other conduct which can reasonably be expected to abuse or harass MS. WILLIAMSON.

### *COUNT TWELVE – SADIQAH WILLIAMSON*
(Violation of the Telephone Consumer Protection Act)

139.　MS. WILLIAMSON re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 5, 21-75, and 128-134.

140.　MS. WILLIAMSON was the "called party" within the meaning of § 227(b)(1)(A) of the TCPA.

141.　STELLAR voluntarily placed telephone calls to MS. WILLIAMSON's cellular telephone using an ATDS.

142.　STELLAR violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling MS. WILLIAMSON's cellular telephone using an ATDS without MS. WILLIAMSON's prior express consent, or after MS. WILLIAMSON had revoked such consent.

143.　STELLAR's violations of 47 U.S.C. § 227(b)(1)(A) were willfully and knowingly made.

### *COUNT THIRTEEN – ATINA STEVENSON*
(Fair Debt Collection Practices Act)

144.　MS. STEVENSON re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 6 and 21-75.

145.　Around July 2014, STELLAR began calling MS. STEVENSON on her cellular phone, at phone number XXX-XXX-5961 in connection with the collection of a debt.

146.　STELLAR called MS. STEVENSON's cellular phone from various phone numbers, including but not limited to 678-660-0325

147. On more than one occasion, MS. STEVENSON communicated her desire that STELLAR cease calling her.

148. Notwithstanding these communications, STELLAR continued to call MS. STEVENSON multiple times on her cellular phone in connection with the collection of a debt.

149. STELLAR routinely called MS. STEVENSON's cell phone multiple times within the same day.

150. STELLAR's policies and practices violated the FDCPA as to MS. STEVENSON.

151. STELLAR caused MS. STEVENSON emotional distress.

152. STELLAR violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse MS. STEVENSON in connection with the collection of the debt.

153. STELLAR violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

### *COUNT FOURTEEN – ATINA STEVENSON*
(Violation of the Florida Consumer Collection Practices Act)

154. MS. STEVENSON re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 6, 21-75, and 145-151.

155. STELLAR willingly and knowingly violated Fla. Stat. § 559.72(7) by communicating with MS. STEVENSON with such frequency as can reasonably be expected to harass MS. STEVENSON, or engaging in other conduct which can reasonably be expected to abuse or harass MS. STEVENSON.

### *COUNT FIFTEEN – ATINA STEVENSON*
(Violation of the Telephone Consumer Protection Act)

156.  MS. STEVENSON re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 6, 21-75, and 145-151.

157.  MS. STEVENSON was the "called party" within the meaning of § 227(b)(1)(A) of the TCPA.

158.  STELLAR voluntarily placed telephone calls to MS. STEVENSON's cellular telephone using an ATDS.

159.  STELLAR violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling MS. STEVENSON's cellular telephone using an ATDS without MS. STEVENSON's prior express consent, or after MS. STEVENSON had revoked such consent.

160.  STELLAR's violations of 47 U.S.C. § 227(b)(1)(A) were willfully and knowingly made.

### *COUNT SIXTEEN– SHERRY WILLIAMS*
(Fair Debt Collection Practices Act)

161.  MS. WILLIAMS re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 7 and 21-75.

162.  Around October 2013, STELLAR began calling MS. WILLIAMS on her cellular phone, at phone number XXX-XXX-3754 in connection with the collection of a debt.

163.  STELLAR called MS. WILLIAMS's cellular phone from various phone numbers, including but not limited to 877-236-5791.

164.   On more than one occasion, MS. WILLIAMS communicated her desire that STELLAR cease calling her.

165.   Notwithstanding these communications, STELLAR continued to call MS. WILLIAMS multiple times on her cellular phone in connection with the collection of a debt.

166.   STELLAR routinely called MS. WILLIAMS's cell phone multiple times within the same day.

167.   STELLAR's policies and practices violated the FDCPA as to MS. WILLIAMS.

168.   STELLAR caused MS. WILLIAMS emotional distress.

169.   STELLAR violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse MS. WILLIAMS in connection with the collection of the debt.

170.   STELLAR violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

### *COUNT SEVENTEEN– SHERRY WILLIAMS*
(Violation of the Florida Consumer Collection Practices Act)

171.   MS. WILLIAMS re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 7, 21-75, and 162-168.

172.   STELLAR willingly and knowingly violated Fla. Stat. § 559.72(7) by communicating with MS. WILLIAMS with such frequency as can reasonably be expected to harass MS. WILLIAMS, or engaging in other conduct which can reasonably be expected to abuse or harass MS. WILLIAMS.

### *COUNT  EIGHTEEN– SHERRY WILLIAMS*
(Violation of the Telephone Consumer Protection Act)

173.   MS. WILLIAMS re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 7, 21-75, and 162-168.

174.   MS. WILLIAMS was the "called party" within the meaning of § 227(b)(1)(A) of the TCPA.

175.   STELLAR voluntarily placed telephone calls to MS. WILLIAMS's cellular telephone using an ATDS.

176.   STELLAR violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling MS. WILLIAMS's cellular telephone using an ATDS without MS. WILLIAMS's prior express consent, or after MS. WILLIAMS had revoked such consent.

177.   STELLAR's violations of 47 U.S.C. § 227(b)(1)(A) were willfully and knowingly made.

### *COUNT NINETEEN – SHIRLEY BROOKS*
(Fair Debt Collection Practices Act)

178.   MS. BROOKS re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 8 and 21-75.

179.   Around October 2015, STELLAR began calling MS. BROOKS on her cellular phone, at phone number XXX-XXX-2260 in connection with the collection of a debt.

180.   STELLAR called MS. BROOKS's cellular phone from various phone numbers, including but not limited to 510-314-8613.

181. On more than one occasion, MS. BROOKS communicated her desire that STELLAR cease calling her.

182. Notwithstanding these communications, STELLAR continued to call MS. BROOKS multiple times on her cellular phone in connection with the collection of a debt.

183. STELLAR routinely called MS. BROOKS's cell phone multiple times within the same day.

184. On or about December 21, 2015, STELLAR called MS. BROOKS, and MS. BROOKS informed STELLAR that she was in the hospital fighting for her life, that she was seriously ill and could barely breathe, and to stop calling her because STELLAR's calls were causing her a great deal of stress.

185. In response to MS. BROOKS's pleas for STELLAR to stop calling her, STELLAR's representative told MS. BROOKS "The calls will continue until we get our money."

186. STELLAR's policies and practices violated the FDCPA as to MS. BROOKS.

187. STELLAR caused MS. BROOKS emotional distress.

188. STELLAR violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse MS. BROOKS in connection with the collection of the debt.

189. STELLAR violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

### *COUNT TWENTY – SHIRLEY BROOKS*
(Violation of the Florida Consumer Collection Practices Act)

190.   MS. BROOKS re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 8, 21-75, and 179-187.

191.   STELLAR willingly and knowingly violated Fla. Stat. § 559.72(7) by communicating with MS. BROOKS with such frequency as can reasonably be expected to harass MS. BROOKS, or engaging in other conduct which can reasonably be expected to abuse or harass MS. BROOKS.

### *COUNT TWENTY-ONE – SHIRLEY BROOKS*
(Violation of the Telephone Consumer Protection Act)

192.   MS. BROOKS re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 8, 21-75, and 179-187.

193.   MS. BROOKS was the "called party" within the meaning of § 227(b)(1)(A) of the TCPA.

194.   STELLAR voluntarily placed telephone calls to MS. BROOKS's cellular telephone using an ATDS.

195.   STELLAR violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling MS. BROOKS's cellular telephone using an ATDS without MS. BROOKS's prior express consent, or after MS. BROOKS had revoked such consent.

196.   STELLAR's violations of 47 U.S.C. § 227(b)(1)(A) were willfully and knowingly made.

### *COUNT TWENTY-TWO – DIANE RANSOM*
(Fair Debt Collection Practices Act)

197.    MS. RANSOM re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 9 and 21-75.

198.    Around October 2014, STELLAR began calling MS. RANSOM on her cellular phone, at phone number XXX-XXX-7163 in connection with the collection of a debt.

199.    On multiple occasions, MS. RANSOM communicated her desire that STELLAR cease calling her.

200.    Notwithstanding these communications, STELLAR continued to call MS. RANSOM multiple times on her cellular phone in connection with the collection of a debt.

201.    STELLAR routinely called MS. RANSOM's cell phone multiple times within the same day.

202.    MS. RANSOM also informed STELLAR on more than one occasion that she was disabled and did not have any money to pay the debt that STELLAR was attempting to collect.

203.    Despite STELLAR's knowledge that MS. RANSOM was disabled and that she had no money to pay the subject debt, STELLAR continued its campaign of collection calls to MS. RANSOM.

204.    On more than one occasion, after MS. BROOKS would tell STELLAR that she could not pay and/or would not pay the debt, STELLAR called MS. RANSOM again later that same day.

205.    STELLAR's policies and practices violated the FDCPA as to MS. RANSOM.

206.    STELLAR caused MS. RANSOM emotional distress.

207. STELLAR violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse MS. RANSOM in connection with the collection of the debt.

208. STELLAR violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

### COUNT TWENTY-THREE – DIANE RANSOM
(Violation of the Florida Consumer Collection Practices Act)

209. MS. RANSOM re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 9, 21-75, and 198-206.

210. STELLAR willingly and knowingly violated Fla. Stat. § 559.72(7) by communicating with MS. RANSOM with such frequency as can reasonably be expected to harass MS. RANSOM, or engaging in other conduct which can reasonably be expected to abuse or harass MS. RANSOM.

### COUNT TWENTY-FOUR – DIANE RANSOM
(Violation of the Telephone Consumer Protection Act)

211. MS. RANSOM re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 9, 21-75, and 198-206.

212. MS. RANSOM was the "called party" within the meaning of § 227(b)(1)(A) of the TCPA.

213. STELLAR voluntarily placed telephone calls to MS. RANSOM's cellular telephone using an ATDS.

214.   STELLAR violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling MS. RANSOM's cellular telephone using an ATDS without MS. RANSOM's prior express consent, or after MS. RANSOM had revoked such consent.

215.   STELLAR's violations of 47 U.S.C. § 227(b)(1)(A) were willfully and knowingly made.

### COUNT TWENTY-FIVE – DELAITHIA AMBUSH
(Fair Debt Collection Practices Act)

216.   MS. AMBUSH re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 10 and 21-75.

217.   Around October 2014, STELLAR began calling MS. AMBUSH on her cellular phone, at phone number XXX-XXX-9066 in connection with the collection of a debt.

218.   STELLAR called MS. AMBUSH's cellular phone from various phone numbers, including but not limited to 786-738-5675.

219.   On more than one occasion, MS. AMBUSH told STELLAR that she had no money and no ability to pay the debt, and communicated her desire that STELLAR cease calling her.

220.   Notwithstanding these communications, STELLAR continued to call MS. AMBUSH multiple times on her cellular phone in connection with the collection of a debt.

221.   STELLAR routinely called MS. AMBUSH's cell phone multiple times within the same day.

222.   STELLAR's policies and practices violated the FDCPA as to MS. AMBUSH.

223.   STELLAR caused MS. AMBUSH emotional distress.

224. STELLAR violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse MS. AMBUSH in connection with the collection of the debt.

225. STELLAR violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

### COUNT TWENTY-SIX – DELAITHIA AMBUSH
(Violation of the Florida Consumer Collection Practices Act)

226. MS. AMBUSH re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 10, 21-75, and 217-223.

227. STELLAR willingly and knowingly violated Fla. Stat. § 559.72(7) by communicating with MS. AMBUSH with such frequency as can reasonably be expected to harass MS. AMBUSH, or engaging in other conduct which can reasonably be expected to abuse or harass MS. AMBUSH.

### COUNT TWENTY-SEVEN – DELAITHIA AMBUSH
(Violation of the Telephone Consumer Protection Act)

228. MS. AMBUSH re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 10, 21-75, and 217-223.

229. MS. AMBUSH was the "called party" within the meaning of § 227(b)(1)(A) of the TCPA.

230. STELLAR voluntarily placed telephone calls to MS. AMBUSH's cellular telephone using an ATDS.

231.   STELLAR violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling MS. AMBUSH's cellular telephone using an ATDS without MS. AMBUSH's prior express consent, or after MS. AMBUSH had revoked such consent.

232.   STELLAR's violations of 47 U.S.C. § 227(b)(1)(A) were willfully and knowingly made.

### COUNT TWENTY-EIGHT – GREGORY ANDERSON
(Fair Debt Collection Practices Act)

233.   MR. ANDERSON re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 11 and 21-75.

234.   Around January 2015, STELLAR began calling MR. ANDERSON on his cellular phone, at phone number XXX-XXX-3111 in connection with the collection of a debt.

235.   On more than one occasion, MR. ANDERSON told STELLAR that they were calling too much, that he was a veteran and did not have any means to pay the debt, and asked STELLAR to cease calling him.

236.   MR. ANDERSON told STELLAR that he would contact STELLAR when he had the means to pay the debt.

237.   Notwithstanding these communications, STELLAR continued to call MR. ANDERSON multiple times on his cellular phone in connection with the collection of a debt.

238.   STELLAR routinely called MR. ANDERSON's cell phone multiple times within the same day.

239.   STELLAR's policies and practices violated the FDCPA as to MR. ANDERSON.

240.   STELLAR caused MR. ANDERSON emotional distress.

241.     STELLAR violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse MR. ANDERSON in connection with the collection of the debt.

242.     STELLAR violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

### COUNT  TWENTY-NINE – GREGORY ANDERSON
(Violation of the Florida Consumer Collection Practices Act)

243.     MR. ANDERSON re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 11, 21-75, and 234-240.

244.     STELLAR willingly and knowingly violated Fla. Stat. § 559.72(7) by communicating with MR. ANDERSON with such frequency as can reasonably be expected to harass MR. ANDERSON, or engaging in other conduct which can reasonably be expected to abuse or harass MR. ANDERSON.

### COUNT THIRTY – GREGORY ANDERSON
(Violation of the Telephone Consumer Protection Act)

245.     MR. ANDERSON re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 11, 21-75, and 234-240.

246.     MR. ANDERSON was the "called party" within the meaning of § 227(b)(1)(A) of the TCPA.

247.     STELLAR voluntarily placed telephone calls to MR. ANDERSON's cellular telephone using an ATDS.

248.     STELLAR violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling MR. ANDERSON's cellular telephone using an ATDS without

MR. ANDERSON's prior express consent, or after MR. ANDERSON had revoked such consent.

249. STELLAR's violations of 47 U.S.C. § 227(b)(1)(A) were willfully and knowingly made.

## COUNT THIRTY-ONE – MARY DEARMON
(Fair Debt Collection Practices Act)

250. MS. DEARMON re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 12 and 21-75.

251. STELLAR began calling MS. DEARMON on her cellular phone, at phone number XXX-XXX-6202 in connection with the collection of a debt during 2013.

252. On more than one occasion, MS. DEARMON communicated her desire that STELLAR cease calling her.

253. Notwithstanding these communications, STELLAR continued to call MS. DEARMON multiple times on her cellular phone in connection with the collection of a debt.

254. STELLAR routinely called MS. DEARMON's cell phone multiple times within the same day.

255. STELLAR's policies and practices violated the FDCPA as to MS. DEARMON.

256. STELLAR caused MS. DEARMON emotional distress.

257. STELLAR violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse MS. DEARMON in connection with the collection of the debt.

258.   STELLAR violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

### COUNT THIRTY-TWO – MARY DEARMON
(Violation of the Florida Consumer Collection Practices Act)

259.   MS. DEARMON re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 12, 21-75, and 251-256.

260.   STELLAR willingly and knowingly violated Fla. Stat. § 559.72(7) by communicating with MS. DEARMON with such frequency as can reasonably be expected to harass MS. DEARMON, or engaging in other conduct which can reasonably be expected to abuse or harass MS. DEARMON.

### COUNT THIRTY-THREE – MARY DEARMON
(Violation of the Telephone Consumer Protection Act)

261.   MS. DEARMON re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 12, 21-75, and 251-256.

262.   MS. DEARMON was the "called party" within the meaning of § 227(b)(1)(A) of the TCPA.

263.   STELLAR voluntarily placed telephone calls to MS. DEARMON's cellular telephone using an ATDS.

264.   STELLAR violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling MS. DEARMON's cellular telephone using an ATDS without MS. DEARMON's prior express consent, or after MS. DEARMON had revoked such consent.

265.   STELLAR's violations of 47 U.S.C. § 227(b)(1)(A) were willfully and knowingly made.

### COUNT THIRTY-FOUR – DEVIN GREENE
(Fair Debt Collection Practices Act)

266.   MR. GREENE re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 13 and 21-75.

267.   Around September 2014, STELLAR began calling MR. GREENE on his cellular phone, at phone number XXX-XXX-0775 in connection with the collection of a debt.

268.   STELLAR called MR. GREENE's cellular phone from various phone numbers, including but not limited to 313-483-8518.

269.   On more than one occasion, MR. GREENE communicated his desire that STELLAR cease calling him.

270.   Notwithstanding these communications, STELLAR continued to call MR. GREENE multiple times on his cellular phone in connection with the collection of a debt.

271.   STELLAR routinely called MR. GREENE's cell phone multiple times within the same day.

272.   STELLAR's policies and practices violated the FDCPA as to MR. GREENE.

273.   STELLAR caused MR. GREENE emotional distress.

274.   STELLAR violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse MR. GREENE in connection with the collection of the debt.

275.   STELLAR violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

### COUNT  THIRTY-FIVE – DEVIN GREENE
(Violation of the Florida Consumer Collection Practices Act)

276.    MR. GREENE re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 13, 21-75, and 267-273.

277.    STELLAR willingly and knowingly violated Fla. Stat. § 559.72(7) by communicating with MR. GREENE with such frequency as can reasonably be expected to harass MR. GREENE, or engaging in other conduct which can reasonably be expected to abuse or harass MR. GREENE.

### COUNT  THIRTY-SIX – DEVIN GREENE
(Violation of the Telephone Consumer Protection Act)

278.    MR. GREENE re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 13, 21-75, and 267-273.

279.    MR. GREENE was the "called party" within the meaning of § 227(b)(1)(A) of the TCPA.

280.    STELLAR voluntarily placed telephone calls to MR. GREENE's cellular telephone using an ATDS.

281.    STELLAR violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling MR. GREENE's cellular telephone using an ATDS without MR. GREENE's prior express consent, or after MR. GREENE had revoked such consent.

282.    STELLAR's violations of 47 U.S.C. § 227(b)(1)(A) were willfully and knowingly made.

## *COUNT THIRTY-SEVEN – DAN RAKELA*
(Fair Debt Collection Practices Act)

283. MR. RAKELA re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 14 and 21-75.

284. Around November 2014, STELLAR began calling MR. RAKELA on his cellular phone, at phone number XXX-XXX-7886 in connection with the collection of a debt.

285. On more than one occasion, MR. RAKELA communicated his desire that STELLAR cease calling him.

286. MR. RAKELA also informed STELLAR that he had already paid the debt.

287. Notwithstanding these communications, STELLAR continued to call MR. RAKELA multiple times on his cellular phone in connection with the collection of a debt.

288. STELLAR routinely called MR. RAKELA's cell phone multiple times within the same day.

289. On at least one occasion, STELLAR called MR. RAKELA despite speaking to MR. RAKELA earlier that very same day, and despite MR. RAKELA telling STELLAR during the earlier conversation that he had already paid the debt and to leave him alone.

290. Despite being informed that the debt it was trying to collect was not a valid debt, STELLAR continued to call MR. RAKELA in order to try to recover that very same debt.

291. STELLAR's policies and practices violated the FDCPA as to MR. RAKELA.

292. STELLAR caused MR. RAKELA emotional distress.

293. STELLAR violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse MR. RAKELA in connection with the collection of the debt.

294. STELLAR violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

### COUNT  THIRTY-EIGHT – DAN RAKELA
(Violation of the Florida Consumer Collection Practices Act)

295. MR. RAKELA re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 14, 21-75, and 284-292.

296. STELLAR willingly and knowingly violated Fla. Stat. § 559.72(7) by communicating with MR. RAKELA with such frequency as can reasonably be expected to harass MR. RAKELA, or engaging in other conduct which can reasonably be expected to abuse or harass MR. RAKELA.

### COUNT  THIRTY-NINE – DAN RAKELA
(Violation of the Telephone Consumer Protection Act)

297. MR. RAKELA re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 14, 21-75, and 284-292.

298. MR. RAKELA was the "called party" within the meaning of § 227(b)(1)(A) of the TCPA.

299. STELLAR voluntarily placed telephone calls to MR. RAKELA's cellular telephone using an ATDS.

300. STELLAR violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling MR. RAKELA's cellular telephone using an ATDS without MR. RAKELA's prior express consent, or after MR. RAKELA had revoked such consent.

301. STELLAR's violations of 47 U.S.C. § 227(b)(1)(A) were willfully and knowingly made.

### COUNT FORTY – GREG LISMON
(Fair Debt Collection Practices Act)

302. MR. LISMON re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 15 and 21-75.

303. Around December 2014, STELLAR began calling MR. LISMON on his cellular phone, at phone number XXX-XXX-4652 in connection with the collection of a debt.

304. On more than one occasion, MR. LISMON communicated his desire that STELLAR cease calling him.

305. Notwithstanding these communications, STELLAR continued to call MR. LISMON multiple times on his cellular phone in connection with the collection of a debt.

306. STELLAR routinely called MR. LISMON's cell phone multiple times within the same day.

307. On multiple occasions, MR. LISMON would answer the phone when STELLAR called, but there was no one on the line.

308. MR. LISMON felt very frustrated that STELLAR was calling his cellular phone so much, but whenever he answered the phone STELLAR couldn't be bothered to have someone on the line to actually talk to him.

309. STELLAR's policies and practices violated the FDCPA as to MR. LISMON.

310.    STELLAR caused MR. LISMON emotional distress.

311.    STELLAR violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse MR. LISMON in connection with the collection of the debt.

312.    STELLAR violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

*__COUNT  FORTY-ONE – GREG LISMON__*
(Violation of the Florida Consumer Collection Practices Act)

313.    MR. LISMON re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 15, 21-75, and 303-310.

314.    STELLAR willingly and knowingly violated Fla. Stat. § 559.72(7) by communicating with MR. LISMON with such frequency as can reasonably be expected to harass MR. LISMON, or engaging in other conduct which can reasonably be expected to abuse or harass MR. LISMON.

*__COUNT  FORTY-TWO – GREG LISMON__*
(Violation of the Telephone Consumer Protection Act)

315.    MR. LISMON re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 15, 21-75, and 303-310.

316.    MR. LISMON was the "called party" within the meaning of § 227(b)(1)(A) of the TCPA.

317.    STELLAR voluntarily placed telephone calls to MR. LISMON's cellular telephone using an ATDS.

318.  STELLAR violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling MR. LISMON's cellular telephone using an ATDS without MR. LISMON's prior express consent, or after MR. LISMON had revoked such consent.

319.  STELLAR's violations of 47 U.S.C. § 227(b)(1)(A) were willfully and knowingly made.

### COUNT FORTY-THREE – VERONICA CALHOUN
(Fair Debt Collection Practices Act)

320.  MS. CALHOUN re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 16 and 21-75.

321.  Around December 2014, STELLAR began calling MS. CALHOUN on her cellular phone, at phone number XXX-XXX-5786 in connection with the collection of a debt.

322.  STELLAR called MS. CALHOUN's cellular phone from various phone numbers, including but not limited to 877-236-5791 and 904-647-4990.

323.  On more than one occasion, MS. CALHOUN told STELLAR that she had no money, had no ability to pay the debt, and communicated her desire that STELLAR cease calling her.

324.  Notwithstanding these communications, STELLAR continued to call MS. CALHOUN multiple times on her cellular phone in connection with the collection of a debt.

325.  STELLAR routinely called MS. CALHOUN's cell phone multiple times within the same day.

326.  STELLAR's policies and practices violated the FDCPA as to MS. CALHOUN.

327.  STELLAR caused MS. CALHOUN emotional distress.

328. STELLAR violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse MS. CALHOUN in connection with the collection of the debt.

329. STELLAR violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

### COUNT  FORTY-FOUR – VERONICA CALHOUN
(Violation of the Florida Consumer Collection Practices Act)

330. MS. CALHOUN re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 16, 21-75, and 321-327.

331. STELLAR willingly and knowingly violated Fla. Stat. § 559.72(7) by communicating with MS. CALHOUN with such frequency as can reasonably be expected to harass MS. CALHOUN, or engaging in other conduct which can reasonably be expected to abuse or harass MS. CALHOUN.

### COUNT  FORTY-FIVE – VERONICA CALHOUN
(Violation of the Telephone Communication Protection Act)

332. MS. CALHOUN re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 16, 21-75, and 321-327.

333. MS. CALHOUN was the "called party" within the meaning of § 227(b)(1)(A) of the TCPA.

334. STELLAR voluntarily placed telephone calls to MS. CALHOUN's cellular telephone using an ATDS.

335. STELLAR violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling MS. CALHOUN's cellular telephone using an ATDS without MS.

CALHOUN's prior express consent, or after MS. CALHOUN had revoked such consent.

336.   STELLAR's violations of 47 U.S.C. § 227(b)(1)(A) were willfully and knowingly made.

### *COUNT FORTY-SIX – LATISHA GREGORY*
(Fair Debt Collection Practices Act)

337.   MS. GREGORY re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 17 and 21-75.

338.   Around November 2014, STELLAR began calling MS. GREGORY on her cellular phone, at phone number XXX-XXX-3144 in connection with the collection of a debt.

339.   On several occasions, MS. GREGORY informed STELLAR that she was a victim of identity theft, that she had nothing to do with the account, and communicated her desire that STELLAR cease calling her.

340.   Notwithstanding these communications, STELLAR continued to call MS. GREGORY multiple times on her cellular phone in connection with the collection of the debt.

341.   STELLAR routinely called MS. GREGORY's cell phone multiple times within the same day.

342.   STELLAR's policies and practices violated the FDCPA as to MS. GREGORY.

343.   STELLAR caused MS. GREGORY emotional distress.

344.   STELLAR violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse MS. GREGORY in connection with the collection of the debt.

345.    STELLAR violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

### *COUNT  FORTY-SEVEN – LATISHA GREGORY*
(Violation of the Florida Consumer Collection Practices Act)

346.    MS. GREGORY re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 17, 21-75, and 338-343.

347.    STELLAR willingly and knowingly violated Fla. Stat. § 559.72(7) by communicating with MS. GREGORY with such frequency as can reasonably be expected to harass MS. GREGORY, or engaging in other conduct which can reasonably be expected to abuse or harass MS. GREGORY.

348.    STELLAR violated Fla. Stat. § 559.72(9) by claiming, attempting, or threatening to enforce a debt when STELLAR knew that the debt was not legitimate.

### *COUNT  FORTY-EIGHT – LATISHA GREGORY*
(Violation of the Telephone Consumer Protection Act)

349.    MS. GREGORY re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 17, 21-75, and 338-343.

350.    MS. GREGORY was the "called party" within the meaning of § 227(b)(1)(A) of the TCPA.

351.    STELLAR voluntarily placed telephone calls to MS. GREGORY's cellular telephone using an ATDS.

352.    STELLAR violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling MS. GREGORY's cellular telephone using an ATDS without MS.

GREGORY's prior express consent, or after MS. GREGORY had revoked such consent.

353.    STELLAR's violations of 47 U.S.C. § 227(b)(1)(A) were willfully and knowingly made.

### COUNT FORTY-NINE – DAVID STACKPOLE
(Fair Debt Collection Practices Act)

354.    MR. STACKPOLE re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 18 and 21-75.

355.    Around March 2014, STELLAR began calling MR. STACKPOLE on his cellular phone, at phone number XXX-XXX-5380 in connection with the collection of a debt.

356.    STELLAR called MR. STACKPOLE's cellular phone from various phone numbers, including but not limited to 877-236-5791 and 617-275-2458.

357.    On more than one occasion, MR. STACKPOLE communicated his desire that STELLAR cease calling him.

358.    Notwithstanding these communications, STELLAR continued to call MR. STACKPOLE multiple times on his cellular phone in connection with the collection of a debt.

359.    STELLAR routinely called MR. STACKPOLE's cell phone multiple times within the same day.

360.    STELLAR's policies and practices violated the FDCPA as to MR. STACKPOLE.

361.    STELLAR caused MR. STACKPOLE emotional distress.

362.  STELLAR violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse MR. STACKPOLE in connection with the collection of the debt.

363.  STELLAR violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

### COUNT  FIFTY – DAVID STACKPOLE
(Violation of the Florida Consumer Collection Practices Act)

364.  MR. STACKPOLE re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 18, 21-75, and 355-361.

365.  STELLAR willingly and knowingly violated Fla. Stat. § 559.72(7) by communicating with MR. STACKPOLE with such frequency as can reasonably be expected to harass MR. STACKPOLE, or engaging in other conduct which can reasonably be expected to abuse or harass MR. STACKPOLE.

### COUNT  FIFTY-ONE – DAVID STACKPOLE
(Violation of the Telephone Consumer Protection Act)

366.  MR. STACKPOLE re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 18, 21-75, and 355-361.

367.  MR. STACKPOLE was the "called party" within the meaning of § 227(b)(1)(A) of the TCPA.

368.  STELLAR voluntarily placed telephone calls to MR. STACKPOLE's cellular telephone using an ATDS.

369.  STELLAR violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling MR. STACKPOLE's cellular telephone using an ATDS without

MR. STACKPOLE's prior express consent, or after MR. STACKPOLE had revoked such consent.

370.    STELLAR's violations of 47 U.S.C. § 227(b)(1)(A) were willfully and knowingly made.

### COUNT FIFTY-TWO – ANTHONY HERNANDEZ
(Fair Debt Collection Practices Act)

371.    MR. HERNANDEZ re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 19 and 21-75.

372.    Around October 2014, STELLAR began calling MR. HERNANDEZ on his cellular phone, at phone number XXX-XXX-8091 in connection with the collection of a debt.

373.    STELLAR called MR. HERNANDEZ's cellular phone from various phone numbers, including but not limited to 678-666-0325.

374.    On more than one occasion, MR. HERNANDEZ communicated his desire that STELLAR cease calling him.

375.    Notwithstanding these communications, STELLAR continued to call MR. HERNANDEZ multiple times on his cellular phone in connection with the collection of a debt.

376.    STELLAR routinely called MR. HERNANDEZ's cell phone multiple times within the same day.

377.    STELLAR's policies and practices violated the FDCPA as to MR. HERNANDEZ.

378.    STELLAR caused MR. HERNANDEZ emotional distress.

379. STELLAR violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse MR. HERNANDEZ in connection with the collection of the debt.

380. STELLAR violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

### COUNT FIFTY-THREE – ANTHONY HERNANDEZ
(Violation of the Florida Consumer Collection Practices Act)

381. MR. HERNANDEZ re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 19, 21-75, and 372-378.

382. STELLAR willingly and knowingly violated Fla. Stat. § 559.72(7) by communicating with MR. HERNANDEZ with such frequency as can reasonably be expected to harass MR. HERNANDEZ, or engaging in other conduct which can reasonably be expected to abuse or harass MR. HERNANDEZ.

### COUNT FIFTY-FOUR – ANTHONY HERNANDEZ
(Violation of the Telephone Consumer Protection Act)

383. MR. HERNANDEZ re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 19, 21-75, and 372-378.

384. MR. HERNANDEZ was the "called party" within the meaning of § 227(b)(1)(A) of the TCPA.

385. STELLAR voluntarily placed telephone calls to MR. HERNANDEZ's cellular telephone using an ATDS.

386. STELLAR violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling MR. HERNANDEZ's cellular telephone using an ATDS without

MR. HERNANDEZ's prior express consent, or after MR. HERNANDEZ had revoked such consent.

387. STELLAR's violations of 47 U.S.C. § 227(b)(1)(A) were willfully and knowingly made.

### JURY DEMAND

388. Each Plaintiff demands a trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, each of the individual Plaintiffs prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

   b. Judgment against Defendant for actual damages, statutory damages, costs and reasonable attorney's fees, plus punitive damages pursuant to Fla. Stat. § 559.77.

   c. An order enjoining Defendant from placing further telephone calls to this Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

   d. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

   e. For such other legal and/or equitable relief as the Court deems appropriate.

**[SIGNATURE ON FOLLOWING PAGE]**

RESPECTFULLY SUBMITTED,

Date: April 15, 2016

By:    /s/ Sharina Romano
        Sharina T. Romano, Esq.
        Florida Bar No.: 65501
        HYSLIP & TAYLOR, LLC, LPA
        1100 W. Cermak Road, Suite B410
        Chicago, Illinois 60608
        (P) 904.853.3050
        (F) 312.361.3509
        (E) sharina@fairdebt411.com

        *Counsel for Plaintiffs*